19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felton L. BLUE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro ELLIOTT, Defendant-Appellant.
 Nos. 93-5372, 93-5391.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 11, 1994.
Decided March 25, 1994.
 
 Appeals from the United States District Court for the Middle District of North Carolina at Rockingham. Richard C. Erwin, Senior District Judge.
 Geoffrey Carlyle Mangum, Greensboro, NC, for appellant Blue.
 W. David Lloyd, Greensboro, NC, for appellant Elliott.
 Paul Alexander Weinman, Asst. U.S. Atty., Greensboro, NC, for appellee.
 Benjamin H. White, Jr., U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 I.
 
 1
 Appellants, Felton Lee Blue and Pedro Elliott, were convicted of involuntary manslaughter after the car, driven by Elliott, collided with another car and killed its two passengers. We affirm Elliott's conviction and reverse the conviction of Blue.
 
 II.
 
 2
 On July 29, 1992, Blue and Elliott were proceeding west on Mancester Road on the Fort Bragg Reservation, North Carolina in a pickup truck registered to Blue's father and driven by Elliott. As the truck was going up a hill, it pulled into the eastbound lane to pass another westbound car. As the two approached the crest of the hill, the appellants' truck collided with an eastbound vehicle killing the two occupants, Barry Dean Chambers and Patricia Lynn Wilson.
 
 
 3
 Frank Thompson arrived on the scene within minutes after the collision. Having received Emergency Medical Training, Thompson began treating Elliott and noticed bruising on his chest. Elliott told Thompson that he had been driving the truck at the time of the accident. Elliott exhibited signs of being under the influence of alcohol and he broke away and ran into the woods. Elliott was apprehended approximately two hours later, and at the hospital was found to have a round bruise on his chest and a blood alcohol level of .081%. Blue also fled the scene of the accident, but was apprehended within an hour.
 
 
 4
 Elliott was charged with two counts of involuntary manslaughter under 18 U.S.C. Sec. 1112,[1] and one count of failing to remain at the scene of the accident. Blue was charged under 18 U.S.C. Sec. 2 for aiding and abetting the criminal conduct of Elliott.
 
 
 5
 When instructing the jury on the involuntary manslaughter counts, the district court stated:
 
 
 6
 To prove the charge of involuntary manslaughter, the government must establish each of the following essential elements beyond a reasonable doubt. First, that the defendant killed the victim named in each count as charged. Second, each killing occurred within the special maritime and territorial jurisdiction of the United States. Three, the defendant did so unlawfully; and four, the defendant acted with criminal negligence in that he knew or should have known that his conduct imperilled or endangered the safety of others.
 
 
 7
 The court gave two more instructions on this fourth element:
 
 
 8
 The indictment further charges that the violation or violations [of state law] were committed with criminal negligence, that is, in such manner and by such conduct as would in itself tend to imperil or endanger the safety of others.
 
 
 9
 Four, that the defendant was driving the motor vehicle in a criminally negligent manner--that is, in a manner which in itself imperilled or endangered the safety of others.
 
 
 10
 The court instructed the jury that it must unanimously agree that the defendants committed an unlawful act in violation of North Carolina law to find them guilty under 18 U.S.C. Sec. 1112. To find the defendants violated N.C. Gen.Stat. Sec. 20-140(a), the court instructed the jury that it must conclude:
 
 
 11
 that the defendant drove a vehicle upon a highway, and that he drove the vehicle carelessly and heedlessly in willful and wanton disregard of the rights and safety of others.
 
 
 12
 The jury convicted the defendants on all of the counts finding that they drove in a "careless, reckless, and criminally negligent manner" in violation of N.C. Gen.Stat. Sec. 20-140(a), but made no finding on the issue of impairment.
 
 
 13
 The defendants challenge the indictment for manslaughter for failure to allege the essential elements of criminal negligence and the instructions to the jury for the violation of 18 U.S.C. Sec. 1112. Elliott challenges the following instruction, which concludes that Blue was not the driver at the time of the accident:
 
 
 14
 Members of the jury, with reference to Mr. Elliott, it is not necessary--I'm sorry; Mr. Blue, it is not necessary for you to find that he violated any statute of course, because he wasn't driving....
 
 
 15
 Blue challenges for the first time an instruction to the jury that one who knowingly puts another in control of his automobile and allows him to operate the automobile in a criminally negligent manner is as responsible for any resulting death as the driver himself. In addition, he alleges that there was insufficient evidence to convict him of aiding and abetting in Elliott's involuntary manslaughter, and he alleges error in the district court's decision to depart upward from the guideline range of 27-31 months to the sentence of 61 months which he received.
 
 III.
 
 16
 The defendants argue that the district court did not properly construe the elements of the crime of involuntary manslaughter. The standard of review for improper jury instructions is de novo. United States v. Pardee, 368 F.2d 368 (4th Cir.1966). The district court set out for the jury the elements of a violation of 18 U.S.C.Sec. 1112. Defendants have never challenged the first three elements of the charge, namely that the defendant killed the victim, that the killings occurred within the special maritime and territorial jurisdiction of the United States, and that the defendant did so unlawfully. Their argument is that the fourth element, that they drove "in a manner which in itself imperilled or endangered the safety of others," is in clear conflict with the elements of the crime as outlined in Pardee, 368 F.2d at 374 (" 'Gross negligence' is to be defined as exacting proof of a wanton or reckless disregard for human life").
 
 
 17
 Although the district court erred in failing to instruct the jury that it must find that Elliott exhibited a wanton or reckless disregard for human life to find a violation of 18 U.S.C. Sec. 1112, this error was harmless. The jury indicated on the verdict form that Elliott had violated N.C. Gen.Stat. Sec. 20-140(a) and, therefore, prior to concluding that he violated 18 U.S.C. Sec. 1112, the jury found, in accordance with the instructions, that he drove the vehicle in a willful and wanton disregard for the safety of others. Reading the district court's instructions as a whole, they satisfy the state of mind requirement in Pardee, supra. See United States v. Park, 421 U.S. 658, 674 (1975). For the same reasons, we affirm the district court's refusal to dismiss the indictment on counts one and two.
 
 IV.
 
 18
 Defendant Elliott also challenges the district judge's statement during jury instructions that Blue was not driving the truck. Because the evidence was that only Blue and Elliott were in the truck at the time of the accident, Elliott asserts that the statement essentially establishes a factual element of the crime against him in violation of the Due Process Clause.
 
 
 19
 Elliott is correct that this instruction improperly establishes a fact against him. See Yates v. Evatt, 500 U.S. 391 (1991) (error where instruction would be interpreted by reasonable juror to alleviate prosecution's burden of proving every element of the crime beyond a reasonable doubt). However, this is a harmless error because all the evidence pointed toward the conclusion that Elliott was the driver. See Verdugo v. United States, 402 F.2d 599, 607 (9th Cir.1968). One witness testified that Elliott told him that he was driving the pick-up and no evidence was presented contradicting this testimony or showing that Blue was driving the truck.
 
 V.
 
 20
 Blue challenges under the Due Process Clause the jury instructions on the intent required to establish aiding and abetting an involuntary manslaughter. Because Blue did not object to this instruction at trial, he may succeed in the challenge now only if the instruction amounts to plain error. Fed.R.Crim.P. 52(b). Blue argues that the instruction essentially directed a verdict against him merely upon a finding that Elliott drove in a manner necessary to establish Elliott's guilt, ignoring any inquiry into his own culpability.[2]
 
 
 21
 However, the instructions leading up to the challenged section properly note that Blue must "willfully associate himself in some way with the criminal venture," and "willfully seek by some act or omission of his to make the criminal venture a success." Hence, the instructions as a whole do not constitute plain error.
 
 VI.
 
 22
 Blue also argues that the trial court erred in denying his motion to dismiss the involuntary manslaughter indictment because there was insufficient evidence to prove his guilt beyond a reasonable doubt. The standard of review for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). To prove aiding and abetting, the government must show that the defendant knowingly associated himself with and participated in the criminal intent venture. United States v. Winstead, 708 F.2d 925, 927 (4th Cir.1983). To prove association, the government must show that the defendant shared in the principal's criminal intent and was aware of the unlawful nature of his acts. Id.
 
 
 23
 The evidence neither shows that Blue knew of Elliott's intent to pass the other westbound car, that Blue had control over the truck during the minutes leading up to the accident nor that Blue could have prevented the accident from occurring. Therefore, the evidence was insufficient to convict Blue of aiding and abetting and the conviction is reversed and the sentence vacated.
 
 
 
 [1]
 18 U.S.C. Sec. 1112 provides:
 ... (a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: ... Involuntary--In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death. (b)Within the special maritime and territorial jurisdiction of the United States.
 
 
 [2]
 After instructions which follow closely the standard interpretation of aiding and abetting, the district court gave a more specific instruction relating to aiding and abetting an involuntary manslaughter caused by drunk and reckless driving:
 Members of the jury, one who is in control of a dangerous instrumentality, such as a motor vehicle, and knowingly puts the instrumentality in the immediate control of another, sits by his side, and permits him to operate the motor vehicle in a criminally negligent manner, is as responsible for any death which results from the driver's conduct as the driver himself.